## ANDERSON *v.* COBLE.

SUPREME COURT.—JURISDICTION.—On a trial before a justice the plaintiff recovered $10 75, and immediately remitted $6 of the judgment. On appeal to the Court of Common Pleas there was judgment for the defendant, from which the plaintiff appealed to the Supreme Court.

*Held*, that the Supreme Court had jurisdiction of the appeal.

REVENUE STAMP.—APPEAL BOND.—No revenue stamp is required upon the appeal bond given on appeal from a justice of the peace.

PRACTICE.—SUPREME COURT.—When substantial justice has been done below, the Supreme Court will not reverse the judgment for errors not affecting the substantial rights of the parties.

APPEAL from the *Wabash* Common Pleas.

GREGORY, C. J.—*Anderson* sued *Coble* before a justice on an account. There was a jury trial before the justice; verdict and judgment for the plaintiff for $10 75, but the plaintiff remitted $6 of the judgment; the defendant appealed to the court below where a motion to dismiss the appeal was overruled; trial by jury, verdict and judgment for defendant. The plaintiff appeals to this court. The appellee urges that this court has no jurisdiction; because the

amount in controversy, exclusive of interest and costs, does not exceed ten dollars. But in this we think he is mistaken. It is claimed that the court below erred in overruling the motion to dismiss the appeal. There is no revenue stamp on the appeal bond, and this is the ground of the motion. We have repeatedly held that in cases like the one in judgment no revenue stamp is required. There are a number of questions made on the pleadings, and on the rulings of the court below during the progress of the trial, but we have carefully looked through the evidence, and we think substantial justice was done, and that there is no error or defect in the pleadings or proceedings which affects the substantial rights of the appellant. In such a case it is our duty to affirm the judgment below. 2 ·G. & H., § 101, p. 122.

The judgment is affirmed, with costs.

*H. S. Kellogg* and *C. Cowgill*, for appellant.

*J. U. Pettit* and *R. M. Weir*, for appellee.